IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| PHILANDER BUTLER, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 04-2205-D/P |
| UNITED STATES OF AMERICA, | X X X | |
| Defendant. | X X | |

---

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

Plaintiff Philander Butler, Bureau of Prisons (BOP) inmate registration number 16665-076, an inmate at the United States Penitentiary(USP), in Pollock, Louisiana, filed a civil complaint pursuant to 28 U.S.C. § 1361 to compel the United States to justify its refusal to allow Court Reporter Mark Dodson to release a copy of the resentencing transcript of Andre J. Johnson. On December 6, 2004, Butler filed a motion for the appointment of counsel. Butler alleges that he has "extremely limited access to the law library" and has "a limited knowledge of the law."

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional

circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [for determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

In this case, the plaintiff's motion does not demonstrate the existence of extraordinary circumstances that would warrant appointment of counsel. The plaintiff's lack of legal expertise does not serve to distinguish this case from the numerous other cases in which counsel is not appointed. Moreover, the facts concerning this claim are not complex. Butler has filed numerous pleadings in this case, including his complaint and various motions. Finally, the Court is aware that there is a severe shortage of attorneys willing to accept appointment to prisoner civil rights cases on a pro bono basis.

2

Accordingly, the Court concludes that appointment of counsel is not warranted and plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 30th day of June, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 2:04-CV-02205 was distributed by fax, mail, or direct printing on July 6, 2005 to the parties listed.

---

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Philander Butler
USP-POLLOCK
16665-076
P.O. Box 2099
Pollock, LA 71467

Honorable Bernice Donald
US DISTRICT COURT